UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE CLAUSS,<br>        Plaintiff,<br>    v.<br><br>GEISINGER HEALTH PLAN d/b/a<br>GEISINGER CHOICE PPO,<br>        Defendant. | CIVIL ACTION NO. 3:14-CV-889<br><br>(Judge Kosik) |

FILED
SCRANTON
DEC - 3 2014
PER _____
DEPUTY CLERK

**MEMORANDUM**

Before the court is Defendant Geisinger Health Plan's Motion to Dismiss Plaintiff's Complaint (Doc. 7). For the reasons which follow, we will deny the Motion to Dismiss.

BACKGROUND

Plaintiff, Alice Clauss, filed a Complaint in the instant action on May 8, 2014 against Geisinger Health Plan d/b/a Geisinger Choice PPO. The basis of Plaintiff's action, which was brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, is the denial of bi-weekly administration of intervenous Gammagard and/or Privigen ("IVIG") treatment for Plaintiff's Myasthenia Gravis.

On July 11, 2014, Defendant Geisinger Health Plan filed a Motion to Dismiss Plaintiff's Complaint (Doc. 7). On July 25, 2014, Defendant filed a Memorandum of Law in Support of the Motion to Dismiss (Doc. 8). Plaintiff filed a Brief in Opposition to the Motion to Dismiss (Doc. 9) on August 11, 2014. Defendant filed a Reply Memorandum (Doc. 10) on August 28, 2014. The matter is now ripe for disposition.

STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court considering a motion to dismiss under Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014)(internal quotations omitted). "Dismissal is appropriate where the plaintiff has not alleged" sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, "exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)(citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

DISCUSSION

In support of the Motion to Dismiss, Defendant argues that as a matter of law, Plaintiff fails to state a claim for relief under ERISA. Specifically, Defendant asserts that the benefit which Plaintiff seeks, a bi-weekly Intravenous Gammagard and/or Privigen treatment, is not covered by the health plan made available to Plaintiff by

her employer and that Plaintiff has no plausible claim under any legal theory. Attached to the Memorandum of Law in support of the Motion to Dismiss and the Reply Memorandum are a letter regarding the denial of Plaintiff's claim, a copy of the Geisinger Health Plan Policy and Procedure Manual, and an External Review Decision.

In reviewing Plaintiff's Complaint and accepting all factual allegations as true, we disagree that Plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face. We note that the sole case relied on by Defendant out of the Fifth Circuit Court of Appeals was resolved at the summary judgment stage. Moreover, this court's research of Third Circuit precedent indicated that dismissal of Plaintiff's case at this stage would be premature. Thus, we believe that the more prudent course would be to allow the parties to present the entire record to the court for review.